UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHERYL TUFARO** | **CIVIL ACTION** |
| **VERSUS** | **No. 13-5953** |
| **FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY ET AL.** | **SECTION I** |

## ORDER

Before the Court is a motion[1] to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by defendant, Anthony A. Voiron, Jr., individually and d/b/a Voiron Insurance Services, LLC ("Voiron"). Plaintiff filed an opposition,[2] to which Voiron filed a reply.[3] For the following reasons, the motion is **GRANTED**.

The above-captioned matter was removed to this Court on September 26, 2013.[4] According to the complaint, Voiron sold to plaintiff the flood insurance policy that is central to plaintiff's claim for Hurricane Isaac-related damages and that was issued by Voiron's co-defendant, Fidelity National Property and Casualty Insurance Company.[5] The complaint alleges:

> [Voiron] was negligent in the procurement of flood insurance for petitioner, in not properly valuing the property, negligent failure to properly advise petitioner as to the correct limits of coverage and/or properly advising their insured's [sic] as to the purchase of the correct amount of insurance to fully cover their home. Or in

---

[1] R. Doc. No. 9.
[2] R. Doc. No. 19.
[3] R. Doc. No. 21.
[4] R. Doc. No. 1. The notice of removal alleges that this Court has federal question jurisdiction as well as supplemental jurisdiction over any state law claims. R. Doc. No. 1, at 6-10. The notice of removal also alleges that diversity jurisdiction exists, despite the fact that plaintiff and Voiron are both residents of Louisiana, because Voiron was improperly or fraudulently joined, R. Doc. No. 1, at 11, and/or because plaintiff failed to state a claim against Voiron, R. Doc. No. 1, at 12. The Court does not have a motion to remand before it, and because the Court grants Voiron's Rule 12(b)(6) motion, it need not address the jurisdictional question.
[5] R. Doc. No. 1-2, ¶¶ 4-7.

the alternative, in procuring insurance, the limits of which could never be obtained given the property insured.[6]

Plaintiff further explains in her opposition that she "intend[s] to show that Voiron failed to advise her that there was additional insurance that she could purchase, beyond the $250,000.00 and $100,000.00 limits that were offered to her. Plaintiff intends to show that her under insured [sic] status resulted from the failure of Voiron to properly advise her of excess coverage that was available for an additional premium. These facts, if proven, will afford Plaintiffs [sic] relief under Louisiana law."[7]

Voiron moves for dismissal because the complaint "do[es] not give rise to a viable claim under Louisiana law. As the Louisiana Supreme Court recently affirmed in the matter of *Isidore Newman School v. J. Everett Eaves, Inc.*, an insurance agent does not have a duty to 'advise whether the client has procured the correct amount or type of insurance coverage.'"[8]

In response, plaintiff relies primarily on *Durham v. McFarland, Gay and Clay, Inc.*, 527 So. 2d 403, 405 (La. Ct. App. 1988), citing it for the proposition that "an agent's fiduciary duty includes advising his client with regards to recommended coverage."[9] As U.S. District Judge Barbier has observed, however, *Durham* "has been consistently undermined by subsequent Louisiana cases," including *Isidore Newman*. *Green v. Guidry*, No. 11-2466, 2012 WL 5507286, at *4 (E.D. La. Nov. 14, 2012).

In *Isidore Newman,* the Louisiana Supreme Court concluded:

---

[6] R. Doc. No. 1-2, ¶ 14.
[7] R. Doc. No. 19, at 3.
[8] R. Doc. No. 9-1, at 7 (quoting *Isidore Newman Sch. V. J. Everett Eaves, Inc.*, 42 So.3d 352, 259 (La. 2010)). Voiron also asserts that any claim plaintiff may have against Voiron is perempted under La. Rev. Stat. § 9:5606. R. Doc. No. 9-1, at 8-9. Because the Court finds that plaintiff has not stated a cognizable claim under Louisiana law, it need not address the peremption issue.
[9] R. Doc. No. 19, at 2-3.

2

> An agent has a duty of "reasonable diligence" to advise the client, but this duty has not been expanded to include the obligation to advise whether the client has procured the correct amount or type of insurance coverage. It is the insured's responsibility to request the type of insurance coverage, and the amount of coverage needed. It is not the agent's obligation to spontaneously or affirmatively identify the scope or the amount of insurance coverage the client needs.

42 So. 3d at 329. Plaintiff's allegations "charge nothing more than that Voiron should have identified the type and amount of flood coverage they needed for their property," which are "[d]uties that Louisiana does not impose upon the insurance agent or broker but, instead, upon the insured." *Rodriguez v. Fid. Nat'l Prop. & Cas. Ins. Co.*, No. 13-5927, 2013 WL 6502870, at *3 (E.D. La. Dec. 11, 2013) (Feldman, J.). Accordingly, because plaintiff's claims against Voiron are not cognizable under Louisiana law,

**IT IS ORDERED** that Voiron's motion to dismiss is **GRANTED** and that plaintiff's claims against Anthony A. Voiron, Jr., individually and d/b/a Voiron Insurance Services, LLC are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, December 18, 2013.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

3